**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DELORES METZGER,                )<br>                                                      )<br>            Plaintiff,                         )<br>                                                      )<br>v.                                                  )      Case No. CIV-05-1387-M<br>                                                      )<br>AMERICAN FIDELITY ASSURANCE   )<br>COMPANY, a domestic corporation,   )<br>                                                      )<br>            Defendant.                     ) | |

**ORDER**

Before the Court are "Defendant American Fidelity Assurance Company's Motion for Judgment on the Pleadings" [docket no. 14] and "Plaintiff's Combined Cross-Motion for Judgment on the Pleadings and Objection to Defendant's Motion for Judgment on the Pleadings" [docket no. 27]. On April 5, 2006, Defendant filed its response to Plaintiff's cross-motion, and on April 2, 2006, Plaintiff filed her reply. On May 22, 2006 Defendant filed "Defendant's Notice of Supplemental Authority in Support of Motion for Judgment on the Pleadings," and on June 8, 2006, Plaintiff filed "Plaintiff's Response to Defendant's Notice of Supplemental Authority". Finally, on September 7, 2006, Plaintiff filed "Supplemental Authority in Support of Cross-Motion for Judgment on the Pleadings" [docket no. 72].

I.     INTRODUCTION

This action arises out of a claim for insurance benefits which Plaintiff asserts are due to her as the beneficiary under a limited benefit health insurance policy issued to Plaintiff's son, Michael Metzger ("Metzger"), by Defendant in 1992.[1] Metzger paid all premiums due under the policy.

---

[1] Metzger was initially issued a C-5 policy. In November of 2000, Metzger changed his C-5 policy to a C-8 policy. The policies are substantially identical in all respects relevant to this lawsuit.

Part K of the Benefits Section of the policy describes the Blood, Plasma and Platelets Benefit and provides, in pertinent part, "we will pay the amount shown in the Schedule of Benefits for the following expenses: blood, plasma and platelets; transfusion service; procurement fees, including blood donor expenses; and administration, processing, and crossmatching." Exhibit 1 attached to Defendant's Motion at 8.  The same provision further provides that "[t]his benefit is payable for expenses incurred in or out of the Hospital." *Id*.  The Schedule of Benefits provides, in relevant part, that it will pay the "actual charges" for blood, plasma and platelets.

In November of 2004, Metzger was diagnosed with cancer and began incurring charges for cancer-related services and treatments.[2]  Plaintiff submitted claims to Defendant under the policy. Defendant refused to pay any benefits until Plaintiff first provided Defendant with Explanations of Benefits ("EOBs") from Metzger's other health insurance providers.  Using the EOBs, Defendant reduced the amount of benefits it paid to Plaintiff.

On October 11, 2005, Plaintiff filed the instant action in the District Court in and for Oklahoma County, State of Oklahoma.  Plaintiff alleges that Defendant breached the insurance contract by failing to pay the full amount due under the policy.  Plaintiff further asserts that Defendant's failure was knowing, intentional and in bad faith.  The parties' dispute centers on Defendant's interpretation of the phrase "actual charges".  Defendant asserts that the phrase unambiguously means the amount a healthcare provider eventually accepts as full payment for services rendered after negotiation with a policyholder's other insurance providers; i.e., the post-

---

[2]Metzger succumbed to his illness on January 4, 2005.

negotiation amount.[3] Plaintiff asserts that the term unambiguously means Defendant will pay the pre-negotiation amount of the bill, or, in the alternative, that the phrase is ambiguous and should, therefore, be construed in favor of Plaintiff to mean Defendant will pay the pre-negotiation amount.

## II.  STANDARD

Federal Rule of Civil Procedure 12(c) provides, in pertinent part:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6). *Ramirez v. Dep't of Corrs.*, 222 F.3d 1238, 1240 (10th Cir. 2000); *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir.2000). Under this standard, the Court must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the non-moving party. *Realmonte v. Reeves*, 169 F.3d 1280, 1283 (10th Cir.1999). The moving party can succeed only "when it appears that the non-moving party can prove no set of facts in support of the claims that would entitled the [non-moving party] to relief." *Id.*; *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir.1992).

The Court's determination of the instant motions is "confined to the pleadings and to any documents attached as exhibits to the pleadings, including the defendant's answer." *Micale v. Bank*

---

[3]Prior to 1994, Defendant interpreted the phrase "actual charges" as the actual amount billed without regard to other insurance benefits a policy holder receives. However, in 1994, Defendant changed its interpretation of the phrase "actual charges" such that it paid the amount billed less an amount equal to discounts and offsets received by Plaintiff because of other insurance policies.

*One N.A. (Chicago)*, 382 F. Supp. 2d 1207, 1216 (D. Colo. 2005). In addition to the complaint, the Court may also consider other materials referred to in and/or attached to the complaint if the materials are central to Plaintiff's claims and the parties do not dispute their authenticity. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384-85 (10th Cir. 1997). Judgment on the pleadings should not be granted "unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any and All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir.2000); *Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am.*, 47 F.3d 14, 16 (2d Cir. 1995); *S.E.C. v. Glaza*, 2006 WL 650124 (D. Colo. 2006).[4]

## III. DISCUSSION

### A. Defendant's Motion for Judgment on the Pleadings

#### 1. Breach of Contract Claim

Defendant asserts that its own interpretation of the phrase "actual charges" is the only correct interpretation, and since it has paid all benefits due Plaintiff under the policy pursuant to this interpretation, Plaintiff can prove no set of facts in support of the breach of contract claim that would entitle her to relief. Having carefully reviewed the Petition, and viewing the facts in the light most favorable to the non-moving party, the Court finds that Plaintiff has sufficiently stated a cause of action for breach of contract. Specifically, Plaintiff alleges, and Defendant does not dispute, that Defendant owes Plaintiff a contractual obligation to pay benefits due under the Policy in the amount of "actual charges", that Defendant breached its obligation by underpaying benefits or by wholly

---

[4] This unpublished disposition is cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

failing to pay any benefits at all, and that Plaintiff has suffered damages in the form of unpaid or underpaid benefits due and owing under the insurance policy.  At this stage of the proceedings, the Court finds that Plaintiff's allegations are sufficient.  Accordingly, the Court finds that Defendant is not entitled to judgment on the pleadings as to Plaintiff's breach of contract claim.

      2.      Bad Faith Claim

The Oklahoma Supreme Court first recognized the tort of bad faith by an insurer in the case of *Christian v. Am. Home Assurance Co.*, 577 P.2d 899 (Okla. 1978).  In so doing, the court held that "an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort for which consequential and, in a proper case, punitive, damages may be sought." *Id.* at 904.  The court further recognized:

> there can be disagreements between insurer and insured on a variety of matters such as insurable interest, extent of coverage, cause of loss, amount of loss, or breach of policy conditions.  Resort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit.  Rather, tort liability may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.

*Id.* at 905.

In order to establish a bad faith claim, an insured "must present evidence from which a reasonable jury could conclude that the insurer did not have a reasonable good faith belief for withholding payment of the insured's claim." *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1436 (10th Cir. 1993).  In order to determine whether the insurer acted in good faith, the insurer's actions must be evaluated in light of the facts the insurer knew or should have known at the time the insured requested the insurer to perform its contractual obligation. *Id.* at 1437.  The essence of the tort of bad faith is

5

> unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy, and if there is conflicting evidence from which different inferences might be drawn regarding the reasonableness of insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a consideration of the circumstances in each case.

*McCorkle v. Great Atl. Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981).

Defendant asserts essentially the same arguments described in section A *supra* regarding Plaintiff's breach of contract claim as to Plaintiff's bad faith claims. Having carefully reviewed the Petition, and viewing the facts in the light most favorable to the non-moving party, the Court finds that Plaintiff has sufficiently stated a cause of action for bad faith. Specifically, Plaintiff alleges that Defendant *inter alia* engaged in a pattern or practice of knowingly using an incorrect and unreasonable interpretation of the phrase "actual charges" to withhold payment of policy benefits or to underpay policy benefits. At this stage of the proceedings, the Court finds that Plaintiff's allegations are sufficient. Accordingly, the Court finds that Defendant is not entitled to judgment on the pleadings as to Plaintiff's bad faith claim.

    B.    Plaintiff's Cross-Motion for Judgment on the Pleadings[5]

Plaintiff seeks partial judgment on the pleadings as to the meaning of the phrase "actual charges". Specifically, Plaintiff requests that the Court find, as a matter of law, that the phrase "actual charges" unambiguously means the pre-negotiated amount of the bill, or, in the alternative, that the phrase is ambiguous and should be strictly construed in Plaintiff's favor to mean the pre-negotiated amount, and that Defendant breached the insurance contract by paying the post-

---

[5] When considering Plaintiff's cross-motion for Judgment on the Pleadings, the Court must accept the allegations of the Defendant's answer as true and construe them in the light most favorable to Defendant. *Hall v. Bellmon*, 935 F.2d 1006, 1109 (10th Cir. 1991), *cited in Winsness v. Campbell*, No. 2:04-CV-904 TS, 2006 WL 463529, at *8 (D. Utah Feb. 24, 2006).

negotiation amount of the bill.

The proper construction of an insurance contract is a question of law. *Nat'l Am. Ins. Co. v. Am. Re-Ins. Co.*, 358 F.3d 736, 740 (10th Cir. 2004). The Tenth Circuit has summarized the rules governing insurance contract construction and interpretation as follows:

> In Oklahoma, unambiguous insurance contracts are construed, as are other contracts, according to their terms. The interpretation of an insurance contract and whether it is ambiguous is determined by the court as a matter of law. Insurance contracts are ambiguous only if they are susceptible to two constructions. In interpreting an insurance contract, this Court will not make a better contract by altering a term for a party's benefit. *Max True Plastering Co. v. U.S. Fidelity & Guar. Co.*, 912 P.2d 861, 869 (Okla.1996) (footnotes omitted). In interpreting contracts, courts must view the document as a whole so as to give effect to every part of the contract and enable each clause to help interpret the others. Okla. Stat. Ann. tit. 15, § 157.

*Id.* When an insurance contract is found to be ambiguous, the policy must be strictly construed against the insurer. *Anderson v. Cont'l Assurance Co.*, 666 P.2d 245, 246 (Okla. Ct. App. 1983); *Liberty Mut. Ins. Co. v. East Cent. Okla. Elec. Co-op*, 97 F.3d 383, 388 (10th Cir. 1996).

Having reviewed the pleadings and the policy at issue, and viewing the facts in the light most favorable to Defendant, the Court finds that the phrase "actual charges"[6] can reasonably be interpreted two ways: (1) it could reasonably mean the amount the provider charges or bills prior to the application of any discount, or the pre-negotiation amount, or (2) it could reasonably mean the amount the provider ultimately intends to charge after the application of discounts given the practice of providers accepting less from insurers, or the post-negotiation amount. As such, the Court finds as a matter of law that the phrase is ambiguous.

---

[6] The phrase "actual charges" is used more than twenty (20) times in the policy, yet it is not defined in the policy.

Defendant argues that the phrase "actual charges" when read in conjunction with the phrase "expenses incurred" in the provision regarding the blood, plasma and platelets benefit unambiguously means the post-negotiation amount. However, having carefully considered the language of the policy, the Court is unpersuaded that this resolves the ambiguity. The phrase "expenses incurred" is itself undefined and only used in connection with the blood, plasma and platelets benefit; whereas, the phrase "actual charges" is applied to all benefits listed in the Schedule of Benefits. As such, the Court finds it unlikely that Defendant intended for "expenses incurred" to affect the meaning of the phrase "actual charges" throughout the policy.

Because the phrase "actual charges" is ambiguous, the Court finds that it must be strictly construed against Defendant. As such, the Court finds that the phrase "actual charges" means the "pre-negotiation" amount of the bill. Accordingly, the Court finds that because Defendant paid the lower "post-negotiation" amount, Defendant breached the contract in question. Therefore, the Court finds that Plaintiff is entitled to partial judgment on the pleadings on her breach of contract claim.[7]

## IV.   CONCLUSION

For the reasons set forth in detail above, the Court hereby DENIES "Defendant American Fidelity Assurance Company's Motion for Judgment on the Pleadings" [docket no. 14] and

---

[7] The parties did not include any specific information regarding the "pre-negotiation" amount of the bills Plaintiff submitted or the amount Defendant actually paid Plaintiff. As such, the Court cannot determine the amount of damages Plaintiff is entitled to on her breach of contract claim at this time.

GRANTS "Plaintiff's Combined Cross-Motion for Judgment on the Pleadings and Objection to Defendant's Motion for Judgment on the Pleadings" [docket no. 27].

**IT IS SO ORDERED this 26th day of September, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE