**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DELORES METZGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-1387-M |
| ) | |
| AMERICAN FIDELITY ASSURANCE ) | |
| COMPANY, a domestic corporation, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court are "Plaintiff's First Motion to Compel Discovery and Motion to Enlarge Deadlines Regarding Class Certification" [docket no. 45], "Plaintiff's Second Motion to Compel Discovery" [docket no. 46], "Plaintiff's Third Motion to Compel Discovery" [docket no. 47], "Plaintiff's Fourth Motion to Compel Discovery" [docket no. 48], and "Plaintiff's Fifth Motion to Compel Discovery" [docket no. 49], filed July 7, 2006. On July 25, 2006, Defendant filed its responses, and on August 4, 2006, Plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

I.   INTRODUCTION

This case was originally filed in Oklahoma state court. Plaintiff alleges claims of breach of contract and breach of the duty of good faith and fair dealing by Defendant.

The parties have been unable to resolve their differences regarding several categories of information to which Plaintiff now moves the Court to compel Defendant's complete, unevasive responses. According to Plaintiff, those categories are: (1) information concerning any insurance policy other than the specific policy version covering Plaintiff; (2) information concerning the identity of insureds similarly situated to herself and insureds who have made claims under "Actual

Charge Policies"; (3) information concerning major medical insurance issued or administered by Defendant; (4) information relating Defendant's involvement with "CE Day" and Defendant's communications to and contributions to Carroll Fisher, Oklahoma's former insurance commissioner; and (5) certain information Defendant claims is protected by the attorney-client and/or work product privilege.

II.     DISCUSSION

"Discovery rules are to be accorded a broad and liberal treatment." *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136 (W.D. Okla. 1977) (citing *Schlagenhauf v. Holder*, 379 U.S. 104 (1964); *Hickman v. Taylor*, 329 U.S. 495 (1947)). Federal Rule of Civil Procedure 26(b) provides, in pertinent part:

> **(1) In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.
>
> **(2) Limitations.** The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(1) and (2). Further,

> [i]n opposing discovery on the grounds of burdensomeness, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents. Discovery should be allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery.

*Cory v. Aztec Steel Bldg., Inc.*, 225 F.R.D. 667, 672 (D. Kan. 2005) (internal quotations and citations omitted). Additionally, "the party seeking to assert the attorney-client privilege or the work product doctrine as a bar to discovery has the burden of establishing that either or both is applicable." *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1985).

Plaintiff asserts that some of the discovery she seeks is relevant to the requirements for class certification. Plaintiff has never moved the Court, however, to conditionally certify this purported collective action. Accordingly, because no collective action has been conditionally certified, the Court finds that discovery regarding the requirements for class certification is premature and that, therefore, Plaintiffs' First Motion to Compel as to Interrogatory Nos. 1, 2, and 5, Request for Production Nos. 3, 34, and Request for Admission No. 15, and Plaintiff's Second Motion to Compel as to Interrogatory Nos. 3 and 4, should be denied.[1] *Crawford v. Dothan City Bd. of Educ.*, 214

---

[1] Interrogatory No. 1
  Identify the following for each form of Actual Charge Policy that You have ever sold, issued, underwritten or administered:
  (a) the policy form number;
  (b) the policy form title;
  (c) the date the policy form was first approved for issuance by any governmental department or regulatory body; and
  (d) each governmental department or regulatory body that approved the policy form for issuance; and
  (e) the date, if any, the policy form went out of force, was cancelled, or the last

F.R.D. 694, 695 (M.D. Ala. 2003) ("Where discovery sought in the absence of a conditionally certified collective action, . . . such discovery has been denied."). Nevertheless, the Court will decide the merits of Plaintiff's First Motion to Compel to the extent that it seeks information relevant to Plaintiff's individual claims.

    A.    First Motion to Compel - insurance policies other than the specific policy version covering plaintiff (Interrogatory Nos. 1-2, 5-14, and 16-17; Request for Production Nos. 3-4, 8-11, 14, 22, 25, 26, 30, 34-38, and 41; Request for Admission Nos. 5-6, 13, and 15)

Interrogatory No. 6 requests that Defendant "[i]dentify each material component, phase or step in the process you utilized for handling and/or calculating benefits payable with respect to a routine Actual Charge Claim <u>prior to</u> the year 1994, including the manner in which You then

---

        active policy lapsed.
Interrogatory No. 2
    Identify each state where you have ever sold, issued, underwritten or administered an Actual Charge Policy.
Interrogatory No. 5
    Identify the following concerning any requests You made to the Oklahoma Insurance Department during the last 15 years for approval of any rate or premium increase for any Actual Charge Policy:
    (a)    the date of the requested increase;
    (b)    the amount of the requested increase; and
    (c)    the identity of the Person(s) making the request.
Request for Production No. 3
    Produce each document, including any brochures, pamphlets or other sales material that You have provided any employee, agent or salespeople regarding the solicitation of, issuance of, eligibility for, premiums due on, and commissions payable for any Actual Charge Policy.
Request for Production No. 34
    Produce each document relating to any requests You made to the Oklahoma Insurance Department during the last 15 years for approval of any rate or premium increase for any Actual Charge Policy.
Request for Admission No. 15
    Admit that you have applied the same construction, interpretation or definition of the term or phrase 'actual charges' for purposes of adjusting and paying every Actual Charge Claim You have received in the last five years.

interpreted, construed, defined or otherwise applied the term or phrase 'actual charges' contained [in] any Actual Charge Policy." Defendant objects to this request to the extent that it seeks information regarding policies other than the policy under which Plaintiff's decedent filed a claim on grounds that the request is not reasonably calculated to lead to the discovery of relevant, admissible evidence and is overly broad. Having reviewed the parties' submissions, the Court finds that the information sought in Interrogatory No. 6 is relevant and reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court finds that Plaintiff's First Motion to Compel should be granted as to this request.

Interrogatory No. 7 requests that, if Defendant "later modified or changed any material component, phase or step in the process identified in response to Interrogatory No. 6," it "identify the following with respect to each change or modification: (a) the substantive nature of the change or modification; (b) the date You decided to make the change or modification; (c) the date You began implementing the change or modification; [and] (d) each reason supporting, justifying, underlying necessitating the change or modification." Defendant asserts that no such changes were made. Having reviewed the parties submissions, the Court finds that Defendant has responded completely to Interrogatory No. 7. Accordingly, the Court finds that Plaintiff's First Motion to Compel should be denied as to this request.

Interrogatory No. 8 requests that Defendant provide information relating to each change or modification identified in response to Interrogatory No. 7. However, Defendant asserts that no changes responsive to Interrogatory No. 7 were made. Accordingly, the Court finds that Defendant has completely responded to Interrogatory No. 8. Accordingly, the Court finds that Plaintiff's First Motion to Compel should be denied as to this request.

For substantially the same reason, the Court finds that Plaintiff's First Motion to Compel should be denied as to (1) Interrogatory No. 11, which requests that Defendant "[i]dentify each Person who has maintained, maintains or has ever been responsible for maintaining any Document identified or produced in response to Interrogatory No. 8," (2) Interrogatory No. 12, which requests that Defendant "[i]dentify each Person who served as a member of Your Board of Directors during the year 1994 or otherwise when any meeting identified in response to Interrogatory No. 7 occurred regardless of whether they were present at any such meeting," and (3) Interrogatory No. 16, which requests that Defendant "[i]dentify the total difference between the following amounts: (a) the total amount of money You have paid to date in benefits on all Actual Charge Claims since You first implemented any change or modification to Your claims handling process identified in response to Interrogatory No. 6; and (b) the total amount of money you would have paid in benefits had You not implemented any change or modification identified in response to Interrogatory No. 7."

Interrogatory No. 9 requests that Defendant "[i]dentify each Person present during any meeting of, with including and/or between any of Your shareholders, directors, officers and/or executives that related to any actual or proposed change or modification to Your interpretation, construction, definition, and/or application of the term or phrase 'actual charges' contained in any Actual Charge Policy." Interrogatory No. 10 requests that Defendant "[i]dentify each Document including each corporate minute that relate[s] to, evidences, summarizes, describes or records any conversations, discussions, meetings, votes, debates or resolutions occurring during each meeting of, with, including and/or between any of Your shareholders, directors, officers and/or executives that related to any actual or proposed change or modification to Your process of handling and/or paying any Actual Charge Claim including any actual or proposed change or modification to Your

interpretation, construction, definition and/or application of the term or phrase 'actual charges' contained in any Actual Charge Policy." Defendant objects to these requests to the extent that they seek information regarding policies other than the policy under which Plaintiff's decedent filed a claim on grounds that the request is not reasonably calculated to lead to the discovery of relevant, admissible evidence and is overly broad. Having reviewed the parties' submissions, the Court finds that the information sought in Interrogatory Nos. 9 and 10 is relevant and reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court finds that Plaintiff's First Motion to Compel should be granted as to these requests.

Interrogatory No. 13 requests, with respect to each person identified in Defendant's response to Interrogatory No. 10, that Defendant "[i]dentify the manner in which that Person voted concerning (*i.e.* in favor or against) any proposal to change any component, phase or step to Your process of handling and/or paying a routine Actual Charge Claim, including any actual or proposed change or modification to Your interpretation, construction, definition and/or application of the term or phrase 'actual charges.'" Defendant objects to this request to the extent that it seeks information regarding policies other than the policy under which Plaintiff's decedent filed a claim on grounds that the request is not reasonably calculated to lead to the discovery of relevant, admissible evidence and is overly broad. Having reviewed the parties' submissions, the Court finds that the information sought in Interrogatory No. 13 is not relevant, nor does it appear reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court finds that Plaintiff's First Motion to Compel should be denied as to this request.

Interrogatory No. 14 requests that Defendant "[i]dentify each Person that has complained or objected about any change or modification to any component, phase or step of Your handling and/or

paying an Actual Charge Claim, including any actual or proposed change or modification to Your interpretation, construction, definition and/or application of the term or phrase 'actual charges.'" Defendant objects to Interrogatory No. 14 on grounds that, to the extent it seeks information regarding policies other than the policy under which Plaintiff's decedent made his claim, it is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, Defendant simply responds, with regard to the policy under which Plaintiff's decedent submitted claims, "none." Having carefully considered the parties' submissions, the Court finds that although the information sought is relevant, the request is overly broad. Accordingly, the Court finds that Plaintiff's First Motion to Compel as to Interrogatory No. 14 should be denied.

Interrogatory No. 17 requests that Defendant "[i]dentify each lawsuit, administrative proceeding, regulatory action or other legal proceeding occurring during the last five years for the purpose of disputing, challenging or otherwise correcting the amount You paid in benefits under any Actual Charge Policy, including the manner in which you interpreted, constued [sic], defined and/or applied the term or phrase 'actual charges' contained in any Actual Charge Policy." Defendant objects to this request on grounds that, to the extent it seeks information regarding policies other than the policy under which Plaintiff's decedent made his claim, it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, and that the request is not reasonably limited as to time and geographic scope. Notwithstanding this objection, Defendant asserts that, with regard to the policy under which Plaintiff's decedent submitted claims, the answer is "none." Having carefully considered the parties' submissions, the Court finds that the information sought is relevant, and that the request is not overly broad. Accordingly, the Court finds that Plaintiff's First Motion to Compel as to Interrogatory No. 17 should be granted, and that, as such, Defendant

must provide Plaintiff with a complete, unevasive response thereto.

Request for Production No. 4 seeks "each document including copies of each training, sales or informational material of any kind that You have provided and utilized in any fashion to train any of Your employees or agents over the last fifteen (15) years to solicit the sale of any Actual Charge Policy."

Request for Production No. 8 seeks "each document that relate [sic] to any change or modification to Your handling and/or paying Actual Charge Claims, including any actual or proposed changes or modifications to Your interpretation, construction, definition and/or application of the term or phrase 'actual charges' contained in Any Actual Charge Policy." Request for Production No. 9 seeks "each document relating to every communication between or with any insurance company (including any of Your subsidiaries or affiliates), Healthcare Provider, Preferred Provider Organization, Health Maintenance Organization or any other Persons regarding the interpretation, construction or application of the term or phrase 'actual charges' or the process of handling and/or paying claims under any policy that pays benefits in whole or in part based upon the 'actual charges' for a health care service." Request for Production No. 36 seeks "each document including each corporate minute that relates to, evidences, summarizes, describes or records any conversations, discussions, meetings, votes, debates or resolutions occurring during each meeting of, with, including and/or between any of Your shareholders, directors, officers and/or executives that related to any actual or proposed change or modification to Your process of handling and/or paying any Actual Charge Claim, including any actual or proposed change or modification to Your interpretation, construction, definition and/or application of the term or phrase 'actual charges' contained in any Actual Charge Policy."

Further, Request for Production No. 25 seeks "a specimen of every Actual Charge Policy." Request for Production No. 26 seeks "a specimen of every insurance policy that you have sold, issued, underwritten, or administered during the last twenty (20) years that pays benefits in whole or in part based expressly upon the amount of applicable '*expense*' an insured '*incurs*' or '*incurred*' for a health care expense."

Defendant objects to these requests on multiple grounds including overbreadth. Having carefully considered the parties' submissions, the Court finds that Request for Production Nos. 4, 8, 9, 25, 26, and 36 are overly broad. Accordingly, the Court finds that Plaintiff's First Motion to Compel should be denied as to these requests.

Request for Production No. 10 seeks "each document, including every communication, relating to the Oklahoma Insurance Department's consideration, review, denial or approval of the 1994 increase referenced in the letter from Jannette Schwarz to Metzger dated May 9, 1994 and attached hereto as Exhibit '2.'" Defendant objects to this request on grounds that, to the extent it seeks information regarding policies other than the policy under which Plaintiff's decedent made his claim, it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, and is not reasonably limited as to time and geographic scope. Having carefully considered the parties' submissions, the Court finds that Request for Production No. 10 meets the liberal relevancy standard articulated in Rule 26, and that the request is not overly broad. Accordingly, the Court finds that Plaintiff's First Motion to Compel should be granted as to this request.

Request for Production No. 11 seeks "each document relating to any actuarial memoranda, methodologies, assumptions, risk outlines, cost analyses, formulae, illustrative examples and/or computations that relate to any Actual Charge Policy, including each document created in relation

to requesting and/or receiving approval from any governmental department or agency to sell or increase the rating or premiums for any Actual Charge Policy." Request for Production No. 14 seeks "each document, including any communication between You and any Person, including any governmental department, regulatory body, Insurance Association, such as the National Association of Insurance Commissioners that relates to the interpretation, construction, definition or application of the term or phrase 'actual charges' or the process of handling and/or paying claims under any policy that pays benefits in whole or in part based upon the 'actual charges' for health care services.

Defendant objects to these requests on several grounds including that it is not reasonably calculated to lead to the discovery of admissible evidence and that it is overly broad. Having carefully considered the parties' submissions, the Court finds that Request for Production Nos. 11 and 14 are overly broad. Accordingly, the Court finds that Plaintiff's Motion to Compel should be denied as to these requests.

Request for Production No. 22 seeks "all deposition transcripts and expert reports relating to the *Favor* Litigation." Plaintiff has made no assertion regarding the relevance of the documents sought by this request to the instant matter. Defendant objects on multiple grounds, including that the request is overly broad. Having carefully reviewed the parties' submissions, the Court finds Plaintiff has failed to establish that the documents are relevant. Accordingly, the Court finds that Plaintiff's First Motion to Compel should be denied as to this request.

Request for Production No. 30 seeks "each document relating to Your methodology for calculating benefits payable under an Actual Charge Claim submitted by an insured who has other applicable major medical coverage through a Health Maintenance Organization that caps, freezes or fixes the amount of monetary remuneration its participating Healthcare Providers receive by way

11

of a capitation agreement." Request for Production No. 35 seeks "each document that describes, explains, outlines or sets forth any material component, phase or step in the process you have ever utilized for handling and/or calculating benefits payable with respect to an Actual Charge Claim, including the manner in which You have ever interpreted, construed, defined or otherwise applied the term or phrase 'actual charges' contained in any Actual Charge Policy."

Defendant objects to Request for Production Nos. 30 and 35 on multiple grounds. Said objections notwithstanding, Defendant produced "all documents relating to any claims procedures, guidelines, manuals or instructions that set forth, include, contain or list any of its processes for handling and paying claims under any Actual Charge Policy[2] Having carefully considered the parties' submissions, the Court finds that Defendant has completely and adequately responded to the request. Further, to the extent that Defendant's Response to Request for Production No. 2 is not responsive to Request for Production No. 35, the Court finds that Request for Production No. 35 is overly broad. Accordingly, the Court finds that Plaintiff's First Motion to Compel should be denied as to Request for Production Nos. 30 and 35.

Request for Production No. 37 seeks "each document concerning each complaint from any Person concerning Your interpretation, construction, definition and/or application of the term or phrase 'actual charges.'" Request for Production No. 38 seeks "each document concerning each complaint from any person about the manner in which You handled, processed, paid and/or denied, in whole or in part any claim for benefits under any Actual Charge Policy." Request for Production No. 41 seeks "each document relating to each lawsuit, administrative proceeding, regulatory action

---

[2]Defendant produced these documents in response to Request for Production No. 2, which is not at issue in any of the instant motions.

or other legal proceeding occurring during the last five years for the purpose of disputing, challenging or otherwise correcting the amount You paid in benefits under any Actual Charge Policy, including the manner in which You interpreted, construed, or defined and/or applied the term or phrase 'actual charges' contained in any Actual Charge Policy."

Defendant objects to Request for Production Nos. 37, 38, and 41 on several grounds including overbreadth. Having carefully reviewed the parties' submissions, the Court finds that the documents sought are relevant, but that the requests are overly broad. Accordingly, the Court finds that Plaintiff's First Motion to Compel should be denied as to these requests.

Request for Admission No. 5 asks Defendant to "[a]dmit that up, through and during the year 1993, Your interpretation, construction, definition and/or application of the term or phrase 'actual charges' contained in any Actual Charge Policy caused you to calculate benefits payable for a covered charge in an amount equal to the amount the insured was billed or invoiced for any applicable health care service." Request for Admission No. 6 asks Defendant to "[a]dmit that after the year 1993, Your subsequent change or modification to your interpretation, construction, definition, and/or application of the term or phrase, 'actual charges' contained in an Actual Charge Policy caused you to calculate benefits payable for a covered charge to an insured with other applicable health coverage through an insurer that had negotiated an agreement with the Healthcare Provider issuing the covered charge to accept less monetary remuneration than the amount listed on any bill or invoice to the insured."

Defendant objects to Request for Admission Nos. 5 and 6 on grounds that they seek information that is not reasonably calculated to lead to the discovery of relevant, admissible evidence. These objections notwithstanding, to the extent the request is directed to the policy under

which Plaintiff's decedent made a claim, Defendant denies the request. Having carefully considered the parties' submissions, the Court finds that the request meets the liberal relevancy standard articulated in Rule 26. Accordingly, the Court finds that Plaintiffs' First Motion to Compel should be granted as to these requests.

Defendant has admitted Plaintiffs' Request for Admission No. 13. As such, the Court finds that Plaintiff's First Motion to Compel should be denied as to this request.

> B. Second Motion to Compel - identity of insureds similarly situated to herself and insureds who have made claims under "Actual Charge Policies" (Interrogatory Nos. 3, 4, and 14)

*See* Section A *supra* for discussion regarding Interrogatory No. 14.

> C. Third Motion to Compel - major medical insurance issued or administered by Defendant (Request for Production Nos. 27-29, and 32)

Request for Production No. 27 seeks "a specimen of every group health or major medical insurance policy that you have sold, issued, underwritten, or administered during the last twenty (20) years." Request for Production No. 28 seeks "each document relating to any co-insurance or co-pay guidelines, requirements, calculations or obligations of any Person insured under any insurance policy or plan that You sell, underwrite or administer, including each document that identifies any methodology for calculating any such co-insurance or co-payments." Request for Production No. 29 seeks "each document relating to Your methodology for calculating benefits payable [under] any insurance policy or plan you sell, underwrite or administer, under any insurance policy that pays benefits based in whole or in part upon 'reasonable', 'usual' or customary charges for a health care service." Request for Production No. 32 seeks "each document relating to any manuals, memorandums, policy statements, inter-office, inter-departmental or inter-company correspondence, industry journals, trade magazines or other writing that was authored by any of Your employees,

officers, directors or agents that relates to the existence, ramifications, creation, administration, advantages, or disadvantages of Preferred Provider Organizations, Health Management Organizations or other Persons engaged in the business of providing, facilitating or administering managed health care." Defendant objects to these requests on grounds that they are not reasonably calculated to lead to the discovery of admissible evidence and that they are overly broad.

Having carefully considered the parties' submissions, the Court finds that although Plaintiff's requests appear to meet the liberal relevancy standard of Rule 26(b)(1), Plaintiff's Request for Production Nos. 27, 28, 29, and 32 are overly broad. Accordingly, the Court finds that Plaintiff's Third Motion to Compel should be denied as to these requests.

      D.      Fourth Motion to Compel - Defendant's involvement with "CE Day" and Defendant's communications and contributions to Carroll Fisher (Request for Production Nos. 13, 17, and 18)

Request for Production No. 13 seeks "each document, including each communication relating to your research, consideration, analysis and preparation of the 'language' attached to the letter from Al Litchenburg to former Oklahoma Insurance Commissioner, Carroll Fisher, dated August 6, 2001, . . . which Mr. Litchenburg hopes will be incorporated in a letter from Commissioner Fisher." Defendant objects to this request on grounds that it is unduly burdensome. Specifically, Defendant asserts that the information sought is not of sufficient potential significance to justify the burden the discovery probe would impose.

Where, as here, a party makes "only conclusory allegations of burdensomeness, and provides no detailed explanation, affidavit, or other evidence which demonstrate[s] that providing such information would be burdensome, time-consuming, or expensive," they cannot establish that responding to the discovery request imposes an undue burden. *In re Urethane Antitrust Litig.*, 237

F.R.D. 454, 454 (D. Kan. 2006); *see* Fed. R. Civ. 26(b)(2)(iii).

Having carefully reviewed the parties' submissions, the Court finds that Defendant has failed to satisfy its burden or showing that Plaintiff's Request for Production No. 13 is unduly burdensome. Accordingly, the Court finds that Plaintiff's Fourth Motion to Compel should be granted as to this request.

Request for Production No. 17 seeks "each document that relates to any communication between You and Carroll Fisher since he was first elected as Oklahoma Insurance Commissioner." Request for Production No. 18 seeks "each document relating to any campaign contribution that you made for the benefit of Carroll Fisher or towards any one of his election or re-election campaigns." Plaintiff asserts that Defendant has engaged in "highly questionable" conduct in attempting to influence former insurance commissioner Fisher to reverse "decades of Department oppositin to [Defendant's] . . . interpretation of 'actual charges.'" Plaintiff's Fourth Motion to Compel at 3. Defendant objects to these requests on multiple grounds including overbreadth. Having carefully considered the parties' submissions, the Court finds that the requests are overly broad. Accordingly, the Court finds that Plaintiff's Fourth Motion to Compel should be denied as to these requests.

    E.    Fifth Motion to Compel - Privileged Information (Request for Production Nos. 1, 6, 33, and 44)

Defendant objects to Request for Production Nos. 1, 6, and 33 to the extent that they seek information which is protected by the attorney-client privilege and/or the work product doctrine. "As opposed to a blanket claim of privilege, Fed. R. Civ. P. 26(b)(5) requires a party withholding otherwise discoverable information on the basis of privilege or other protection to make the claim expressly and to describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing the privileged or protected information, will enable the

other parties to assess the applicability of the privilege or protection. Normally, this is accomplished by objecting and providing a privilege log for documents, communications, or things not produced." *Williams v. Sprint/United Mgmt. Co.*, Case No. 03-2200, 2006 WL 266599, at *4 (D. Kan. 2006).[3]

The party asserting the privilege bears the burden of establishing its existence, and "must make a 'clear showing' that the asserted objection applies." *Id.* (citing *Ali v. Douglas Cable Comm., Ltd. P'ship*, 890 F. Supp. 993, 994 (D. Kan. 1995)). Accordingly, the asserting party "must 'describe in detail' the documents or information sought to be protected and provide 'precise reasons' for the objection to discovery and . . . must provide sufficient information to enable the court to determine whether each element of the asserted objection is satisfied; a 'blanket claim' as to the applicability of the privilege does not satisfy the burden of proof." *Id.* Further, "Defendant's failure to meet this burden when the trial court is asked to rule upon the existence of the privilege is not excused because the document is later shown to be one that would have been privileged if a timely showing had been made." *Id.* (citing *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984)).

Defendant also asserts that the work product doctrine protects the documents sought by Plaintiff in Request for Production Nos. 1, 6, and 33. In order to establish work product protection, a party must show that "(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party." *Williams*, 2006 WL 266599, at *10 (citing *Johnson v. Gmeinder*, 191 F.R.D. 638, 643 (D. Kan. 2000)).

---

[3]This unpublished opinion is cited for its persuasive value pursuant to Tenth Circuit Rule 36.3.

Having reviewed the parties' submissions, the Court finds that Defendant has failed to satisfy its burden of showing that the documents are protected by the attorney client privilege. Likewise, Defendant has not provided sufficient information to persuade the Court that the work product doctrine is applicable. As such, the Court finds that the documents are not protected from disclosure and that, therefore, Defendant must produce the documents sought.

Request for Production No. 44 seeks each document Defendant "believe[s] may be relevant to any issue, allegation, claim, denial or defense raised in the lawsuit." Defendant objects to this request as overly broad and seeking information protected by the attorney-client privilege or work product doctrine. Having carefully reviewed the parties' submissions, the Court finds that the request is overly broad. Accordingly, Plaintiff's Fifth Motion to Compel should be denied as to Request for Production No. 44.

### III. CONCLUSION

For the reasons set forth in detail above, the Court:

(1) The Court GRANTS IN PART and DENIES IN PART Plaintiff's First Motion to Compel [docket no. 45] as follows:

    (a) The Court GRANTS Plaintiff's First Motion to Compel as to Interrogatory Nos. 6, 9, 10, and 17, Request for Production No. 10, and Request for Admission Nos. 5 and 6; and

    (b) The Court DENIES Plaintiff's Motion to Compel as to Interrogatory Nos. 1, 2, 5, 7, 8, 11, 12, 13, 14, and 16 Request for Production Nos. 3, 4, 8, 9, 11, 14, 22, 25, 26, 30, 34, 35, 36, 37, 38, and 41, and Request for Admission Nos. 13 and 15;

(2) DENIES Plaintiff's Second Motion to Compel [docket no. 46];

(3) DENIES Plaintiff's Third Motion to Compel [docket no. 47];

(4) The Court GRANTS IN PART and DENIES IN PART Plaintiff's Fourth Motion to Compel [docket no. 48] as follows:

      (a)      The Court GRANTS Plaintiff's Fourth Motion to Compel as to Request for Production No. 13; and

      (b)      The Court DENIES Plaintiff's Fourth Motion to Compel as to Request for Production Nos. 17 and 18; and

(5)    The Court GRANTS IN PART and DENIES IN PART Plaintiff's Fifth Motion to Compel [docket no. 49] as follows:

      (a)      The Court GRANTS Plaintiff's Fifth Motion to Compel as to Request for Production Nos.1, 6, and 33; and

      (b)      The Court DENIES Plaintiff's Fifth Motion to Compel as to Request for Production No. 44.

**IT IS SO ORDERED this 31st day of October, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE