### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELORES METZGER, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>AMERICAN FIDELITY ASSURANCE COMPANY, a domestic corporation, )<br><br>Defendant. ) | Case No. CIV-05-1387-M |

## ORDER

Before the Court is plaintiff's Motion to Reconsider Order Striking Class Motion and Accept Existing Class Certification Briefing or, Alternatively, for Leave to Re-File Class Motion Out-Of-Time, filed December 21, 2006. On January 9, 2007, defendant filed its opposition to plaintiff's motion, and on January 29, 2007, plaintiff filed her reply.

On March 13, 2006, the Court entered a Scheduling Order in this case which set August 15, 2006 as the deadline for plaintiff to file her class certification motion and supporting memorandum. On July 7, 2006, plaintiff filed her First Motion to Compel Discovery and Motion to Enlarge Deadlines Regarding Class Certification Together with Supporting Brief [docket no. 45] in which plaintiff requested, in part, that the Court enlarge the deadlines for plaintiff to submit her motion in support of class certification for at least sixty (60) days from the date, if any, which defendant is ordered to disclose any information subject to plaintiff's motions to compel. On October 31, 2006, the Court entered an order granting in part and denying in part plaintiff's first motion to compel [docket no. 80]. In its order, however, the Court did not address plaintiff's Motion to Enlarge Deadlines Regarding Class Certification.

On November 22, 2006, plaintiff filed her Motion for Class Certification and Brief in Support [docket nos. 85 and 86]. On December 11, 2006, defendant filed its response to plaintiff's motion for class certification. On December 19, 2006, the Court entered an order striking plaintiff's Motion for Class Certification as untimely and noted that plaintiff did not seek leave of court to file the motion out of time [docket no. 104]. Plaintiff now moves this Court to reconsider its order striking her Motion for Class Certification, particularly in light of her prior motion to enlarge the class certification deadlines.

Having carefully reviewed the parties' submissions, the Court finds that its December 19, 2006 Order should be vacated. Plaintiff had moved to enlarge the deadline to file her motion for class certification on July 7, 2006, which effectively tolled the August 15, 2006 deadline until the Court ruled on plaintiff's motion to enlarge deadlines. At the time that plaintiff filed her Motion for Class Certification, the Court had not ruled on plaintiff's motion to enlarge deadlines, and the deadline, consequently, was still tolled. Accordingly, plaintiff's Motion for Class Certification was not untimely when it was filed.

The Court, therefore, GRANTS plaintiff's Motion to Reconsider Order Striking Class Motion and Accept Existing Class Certification Briefing [docket no. 107], VACATES its December 19, 2006 Order [docket no. 104] and ACCEPTS and REINSTATES the parties' prior briefing on class certification [docket nos. 85, 86, and 99].

**IT IS SO ORDERED this 27th day of February, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE