**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DELORES METZGER, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) AMERICAN FIDELITY ASSURANCE ) COMPANY, a domestic corporation, ) ) Defendant. ) | Case No. CIV-05-1387-M |

## ORDER

Before the Court is "Defendant, American Fidelity Assurance Company's, Motion for Partial Summary Judgment" [docket no. 106], filed December 20, 2006. On January 16, 2007, Plaintiff filed "Plaintiff's Combined Response to Defendant's Motion for Partial Summary Judgment and Cross-Motion for Partial Summary Judgment" [docket no. 126]. On February 20, 2007, Defendant filed its response to Plaintiff's cross-motion, and on June 5, 2007, Plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

### I. INTRODUCTION

This action arises out of a claim for insurance benefits which Plaintiff asserts are due to her as the beneficiary under a limited benefit health insurance policy issued to Plaintiff's son, Michael Metzger ("Metzger"), by Defendant in 1992.[1] Metzger paid all premiums due under the policy.

Part K of the Benefits Section of the policy describes the Blood, Plasma and Platelets Benefit and provides, in pertinent part: "we will pay the amount shown in the Schedule of Benefits for the following expenses: blood, plasma and platelets; transfusion service; procurement fees, including

---

[1] Metzger was initially issued a C-5 policy. In November of 2000, Metzger changed his C-5 policy to a C-8 policy. The policies are substantially identical in all respects relevant to this lawsuit.

blood donor expenses; and administration, processing, and crossmatching." Exhibit 1 attached to Defendant's Motion at 8.  The same provision further provides that "[t]his benefit is payable for expenses incurred in or out of the Hospital." *Id.*  The Schedule of Benefits provides, in relevant part, that it will pay the "actual charges" for blood, plasma and platelets.

In November of 2004, Metzger was diagnosed with cancer and began incurring charges for cancer-related services and treatments.[2]  Plaintiff submitted claims to Defendant under the policy. Defendant refused to pay any benefits until Plaintiff first provided Defendant with Explanations of Benefits ("EOBs") from Metzger's other health insurance providers.  Using the EOBs, Defendant reduced the amount of benefits it paid to Plaintiff.

On October 11, 2005, Plaintiff filed the instant action in the District Court in and for Oklahoma County, State of Oklahoma.  Plaintiff alleges that Defendant breached the insurance contract by failing to pay the full amount due under the policy.  Plaintiff further asserts that Defendant's failure was knowing, intentional and in bad faith.  The parties' dispute centers on Defendant's interpretation of the phrase "actual charges".  Defendant asserts that the phrase unambiguously means the amount a healthcare provider eventually accepts as full payment for services rendered after negotiation with a policyholder's other insurance providers; i.e., the post-negotiation amount.[3]  Plaintiff asserts that the term unambiguously means Defendant will pay the pre-negotiation amount of the bill, or, in the alternative, that the phrase is ambiguous and should,

---

[2]Metzger succumbed to his illness on January 4, 2005.

[3]Prior to 1994, Defendant interpreted the phrase "actual charges" as the actual amount billed without regard to other insurance benefits a policy holder receives.  However, in 1994, Defendant changed its interpretation of the phrase "actual charges" such that it paid the amount billed less an amount equal to discounts and offsets received by Plaintiff because of other insurance policies.

2

therefore, be construed in favor of Plaintiff to mean Defendant will pay the pre-negotiation amount.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" that is "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted). When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Simms v. Oklahoma ex rel. Dep't of Mental Health*, 165 F.3d 1321, 1326 (10th Cir. 1999).

At the summary judgment stage the Court's function is not to weigh the evidence, but to determine whether there is a genuine issue of material fact for trial. *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611 (10th Cir. 1994). "An issue is genuine if [, viewing the full record, ] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). "The mere existence of a scintilla of evidence in support of the [Plaintiff]'s position is insufficient to create a dispute of fact that is 'genuine' . . . ." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler*, 144 F.3d at 670 (citing *Anderson*, 477 U.S. at 248). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, a defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), *cited in Rocking Chair Enters., L.L.C. v. Macerich SCG Ltd. P'ship*, 407 F. Supp.

2d 1263 (W.D. Okla. 2005).

III.   DISCUSSION

The Oklahoma Supreme Court first recognized the tort of bad faith by an insurer in the case of *Christian v. Am. Home Assurance Co.*, 577 P.2d 899 (Okla. 1978).  In so doing, the court held that "an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort for which consequential and, in a proper case, punitive, damages may be sought." *Id.* at 904.  The court further recognized:

> there can be disagreements between insurer and insured on a variety of matters such as insurable interest, extent of coverage, cause of loss, amount of loss, or breach of policy conditions.  Resort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit.  Rather, tort liability may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.

*Id.* at 905.

In order to establish a bad faith claim, an insured "must present evidence from which a reasonable jury could conclude that the insurer did not have a reasonable good faith belief for withholding payment of the insured's claim." *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1436 (10th Cir. 1993).  In order to determine whether the insurer acted in good faith, the insurer's actions must be evaluated in light of the facts the insurer knew or should have known at the time the insured requested the insurer to perform its contractual obligation. *Id.* at 1437.  The essence of the tort of bad faith is

> unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy, and if there is conflicting evidence from which different inferences might be drawn regarding the reasonableness of insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a

consideration of the circumstances in each case.

*McCorkle v. Great Atl. Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981).

However, the mere allegation that an insurer breached its duty of good faith and fair dealing does not automatically entitle the issue to be submitted to a jury for determination. *Oulds*, 6 F.3d at 1436. The Tenth Circuit has held:

> [a] jury question arises only where the relevant facts are in dispute or where the undisputed facts permit differing inferences as to the reasonableness and good faith of the insurer's conduct. On a motion for summary judgment, the trial court must first determine, under the facts of the particular case and as a matter of law, whether insurer's conduct may be reasonably perceived as tortious. Until the facts, when construed most favorably against the insurer, have established what might reasonably be perceived as tortious conduct on the part of the insurer, the legal gate to submission of the issue to the jury remains closed.

*Id.* at 1436-37 (internal citations omitted).

"A claim must be paid promptly unless the insurer has a reasonable belief that the claim is legally or factually insufficient." *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611-12 (10th Cir. 1994). "To determine the validity of the claim, the insurer must conduct an investigation reasonably appropriate under the circumstances. If the insurer fails to conduct an adequate investigation of a claim, its belief that the claim is insufficient may not be reasonable." *Id.* at 612 (internal quotations and citation omitted). Thus, "[t]he investigation of a claim may in some circumstances permit one to reasonably conclude that the insurer has acted in bad faith." *Oulds*, 6 F.3d at 1442.

Defendant asserts *inter alia*, in light of this Court's determination that the phrase "actual charges" is ambiguous and can reasonably be interpreted in two ways, that a legitimate dispute exists concerning the interpretation of the contractual provision at issue and that, therefore, Defendant's withholding of payment based on its interpretation was reasonable. Defendant further asserts that

at the time it made its decision, no Oklahoma court had interpreted the phrase "actual charges." Plaintiff disputes Defendant's contention that its interpretation is reasonable and attacks Defendant's *motivation* for choosing its current interpretation as being in bad faith and in total disregard of its insureds' interests. In support of this contention, Plaintiff points out that Defendant's current interpretation is a sharp departure from its previous one.

In further support of her bad faith claim, Plaintiff contends that Defendant's new interpretation is in violation of Oklahoma public policy against coordination of insurance benefits and that Defendant improperly influenced insurance regulators and legislators to secure an opinion letter from the insurance commissioner and the passage of legislation adopting Defendant's interpretation and designed to retroactively diminish Plaintiff's contractual rights under the policy at issue.

Defendant denies having coordinated benefits in this case. Defendant argues that its policies pay benefits regardless of other medical insurance and that, as a result, its insureds often receive payment far in excess of their actual loss. As to Plaintiff's allegations regarding Defendant's conduct with insurance regulators and legislators, Defendant asserts that it was merely exercising its constitutionally protected right to petition the government. Defendant further asserts that the legislation that was passed did not become effective until November 2006 and that it applies only to policies issued or renewed after that date and, thus, does not retroactively diminish Plaintiff's contractual rights. Defendant further asserts that this conduct constitutes post-litigation conduct and, therefore, cannot support Plaintiff's bad faith claim.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to the non-moving party, the Court finds there is a genuine issue of material fact as

to whether Defendant acted in bad faith. Specifically, the Court finds that (1) it is unclear whether all of the complained of conduct with legislators and regulators occurred post-litigation and (2) Plaintiff has put forth evidence from which a reasonable jury could conclude that Defendant lacked a reasonable good faith motivation for choosing its current interpretation of the phrase "actual charges" in sharp contrast to its prior interpretation and in disregard of its insureds' interests and that Defendant, therefore, did not have a reasonable good faith basis for payment of Plaintiff's claims based on the post-negotiation amounts. Accordingly, the Court finds that neither Defendant nor Plaintiff is entitled to summary judgment on Plaintiff's bad faith claim.

IV. CONCLUSION

For the reasons set forth in detail above, the Court hereby DENIES "Defendant, American Fidelity Assurance Company's, Motion for Partial Summary Judgment" [docket no. 106] and DENIES "Plaintiff's Combined Response to Defendant's Motion for Partial Summary Judgment and Cross-Motion for Partial Summary Judgment" [docket no. 126].

**IT IS SO ORDERED this 9th day of July, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE