IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DELORES METZGER, individually and on behalf of all other similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-05-1387-M |
| AMERICAN FIDELITY ASSURANCE COMPANY, a domestic corporation | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is plaintiff Delores Metzger's ("Metzger") Motion to Compel Production of Un-Redacted Complaint Files [docket no. 215], filed September 14, 2007. On October 2, 2007, defendant American Fidelity Assurance Company ("AFA") filed its response [docket no. 222], and on October 11, 2007, plaintiff Metzger filed her reply [docket no. 229]. Based upon the parties' submissions, the Court makes its determination.

I.   BACKGROUND

This discovery dispute stems from plaintiff Metzger's breach of contract and breach of the duty of good faith and fair dealing claims against defendant AFA. The dispute centers upon plaintiff Metzger's production request of documents related thereto. On or about December 24, 2006, plaintiff Metzger served a second written discovery request on defendant AFA as follows:

> REQUEST NO. 1: Produce all documents relating to complaints You received within five (5) years of the commencement of the Lawsuit from Similarly Situated Insured (as defined herein) regarding Your payment of insurance benefits based upon the "post-negotiation" amount of the bill.

1

Defendant AFA responded to the production request with documents redacting identifying names of individuals. The parties are now at an impasse. Plaintiff Metzger now moves the Court to compel complete responses.

## II.     DISCUSSION

"Discovery rules are to be accorded a broad and liberal treatment." *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 139 (W.D. Okla. 1977) (citing *Schlagenhauf v. Holder*, 379 U.S. 104 (1964); *Hickman v. Taylor*, 329 U.S. 495 (1947)). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman*, 329 U.S. at 507. Federal Rule of Civil Procedure 26(b)(1) permits plaintiff Metzger to discover evidence relevant to her claims, including information and documents inadmissible at trial but reasonably calculated to lead to admissible evidence.[1]

Additionally, the Health Insurance Portability and Accountability Act ("HIPAA") provides standards relating to the privacy of individually identifiable health information. The pertinent regulations issued under the statute explicitly provide that documents containing protected health information are to be produced in discovery in response to a court order, 45 C.F.R. § 164.512(e)(1)(I), or even in response to a discovery request without a court order if the patient has been given notice or the discovering party has made reasonable efforts to obtain "a qualified

---

[1]"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any...documents... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

protective order"[2]. 45 C.F.R. § 164.512(e)(1)(ii)(A)-(B). It is a routine matter in litigation for courts to require production, where necessary, of records that reflect medical treatment, sometimes with the identities of the actors redacted. *Skinner v. Uphoff*, Case No. 02-CV-033-B, 2005 WL 4089333, at 4 (D. Wyo. 2005). This practice is fully consistent with the privacy provisions of HIPAA. *Id.* at 3.

In defense of redacting the names and identifying information in its response to the production request, Defendant AFA asserts the unredacted information sought is private information protected by HIPAA. The Court agrees. While HIPAA does not preclude the production request, the privacy rights of non-parties' personal and confidential medical information would be affected by compelling discovery of the unredacted documents. If defendant AFA were to provide unredacted documents, its provision would result in an unwarranted intrusion into non-party insureds' privacy.

Accordingly, on this basis, the Court finds the supplied documents compliant with plaintiff Metzger's production request.[3]

---

[2]A qualified protective order is "an order of a court...or stipulation by the parties to the litigation..that: (A) [p]rohibits the parties from using or disclosing the protected health information for any purpose other than the litigation...and (B) [r]equires the return...or destruction of the protected health information...at the end of the litigation." 45 C.F.R. § 164.512(e)(1)(v).

[3]In light of the Court's finding on these grounds, the Court need not address whether the document production should move forward on other basis.

III.	CONCLUSION

Accordingly, for the reasons set forth above, the Court DENIES plaintiff Metzger's Motion to Compel Production of Un-Redacted Complaint Files.

**IT IS SO ORDERED this 23rd day of October 2007.**

_/s/ Vicki Miles-LaGrange_
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE