IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELORES METZGER, individually and on behalf of all other similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>AMERICAN FIDELITY ASSURANCE COMPANY, a domestic corporation<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-05-1387-M<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Before the Court is plaintiff Delores Metzger's ("Metzger") Motion to Compel the Identity of Similarly Situated Insureds which this Court Previously Found to be Relevant Information to Plaintiff's Individual Claims [docket no. 216], filed September 18, 2007. On October 9, 2007, defendant American Fidelity Assurance Company ("AFA") filed its response [docket no. 226], and on October 12, 2007, plaintiff Metzger filed her reply [docket no. 230]. Based upon the parties' submissions, the Court makes its determination.

This discovery dispute stems from plaintiff Metzger's breach of contract and breach of the duty of good faith and fair dealing claims against defendant AFA. The dispute centers upon plaintiff Metzger's interrogatory request of information related thereto.[1] However, the Court previously

---

[1] Interrogatory No. 1 asks defendant AFA to "[i]dentify all Similarly Situated Insureds which, for purposes of these discovery requests, means those persons who (a) within the last five (5) years prior to the commencement of the Lawsuit submitted a claim to You under a limited benefit specified disease cancer expense policy bearing form number "C-3," "C-4," "C-5," "C-6," "C-7," "C-8," or "C-489" for a "Blood, Plasma and Platelets Benefit" and/or a "Radiation Therapy and Chemotherapy Benefit;" and (b) were paid said benefits equal to the "post-negotiation amount of the bill," the meaning of such term being consistent with the Court's

issued an Order on July 9, 2007 [docket no. 201] denying the instant discovery request as moot.

Plaintiff Metzger has not set forth any appropriate basis as to why the interrogatory as set forth is not moot. Furthermore, plaintiff Metzger improperly conflates the above referenced Order's reasoning between "Interrogatory A" in plaintiff's second written discovery request and "Interrogatory B" in her third written discovery request.[2] Accordingly, the Court in finding no proper basis to warrant reconsideration, stands on its previous ruling and DENIES plaintiff Metzger's Motion to Compel as MOOT.

**IT IS SO ORDERED this 23rd day of October 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

usage of the term "post-negotiation amount" on page 6-8 of the Court's Order of September 29, 2006 [Doc. No. 73].

[2]The Court's Order on July 9, 2007 set forth "Interrogatory A" in plaintiff's second written discovery request as moot. In contrast, said Order found "Interrogatory B", a re-vamped version of "Interrogatory A", relevant and the proper subject of discovery requests. However, the interrogatory of the instant motion ("Interrogatory No. 1") is identical in language to "Interrogatory A" which was found to be moot.