**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DELORES METZGER, individually | ) | |
| and on behalf of all other similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-1387-M |
| | ) | |
| AMERICAN FIDELITY ASSURANCE | ) | |
| COMPANY, a domestic corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is plaintiff Delores Metzger's ("Metzger") "Motion to Compel of

Documents Withheld in Violation of Order [Doc. No. 80] Entered by this Court" [docket no. 214],

filed September 14, 2007.  On October 2, 2007, defendant American Fidelity Assurance Company

("AFA") filed its response [docket no. 221].  Based upon the parties' submissions, the Court makes

its determination.

This discovery dispute stems from plaintiff Metzger's breach of contract and breach of the

duty of good faith and fair dealing claims against defendant AFA.  The dispute centers upon plaintiff

Metzger's discovery request of information related thereto.[1,2] The Court previously issued an Order

on October 31, 2006 [docket no. 80] compelling defendant AFA to produce documents related to

the requests for production at issue in the instant motion.  The Court now makes its determination.

Initially, Defendant AFA objected to Request for Production Nos. 6 and 33 to the extent that

they seek information which is protected by the attorney-client privilege and/or work product

doctrine.  However, the Court issued an Order compelling document production on grounds the

defendant AFA failed to meet its burden of showing the documents were protected by attorney client

privilege and that the work product doctrine is inapplicable.  After the Court Order, defendant AFA

states it became aware of additional documents which may be responsive to plaintiff Metzger's

discovery requests and provided to plaintiff Metzger a privilege log which asserts attorney-client

privilege and/or work product doctrine as to these documents.

"As opposed to a blanket claim of privilege, Fed. R. Civ. P. 26(b)(5) requires a party

withholding otherwise discoverable information on the basis of privilege or other protection to make

the claim expressly and to describe the nature of the documents, communications, or things not

---

[1]Request for production number six (6) is as follows: "Produce each document to any...memorandums, policy statements, inter-office, inter-departmental or inter-company correspondence, letters, worksheets, progress notes, claims logs...relating to the interpretation, construction, definition or application of the term or phrase 'actual charges' containted in any insurance policy that pays all or some benefits based upon the 'actual charges' for health care service." *See* Plaintiff's Motion to Compel of Documents Withheld in Violation of Order [Doc. No. 80] Entered by this Court at 2.

[2]Request for production number thirty-three (33) is as follows: "Produce each document, including each communication relating to any proposed, pending or passed state or federal legislation and/or administrative rule making proceedings that concern the interpretation, construction, definition, application and/or permissive use of the term or phrase 'actual charges' within any supplemental, limited benefit or specified disease insurance policy." *See* Plaintiff's Motion to Compel of Documents Withheld in Violation of Order [Doc. No. 80] Entered by this Court at 2.

produced or disclosed in a manner that, without revealing the privileged or protected information, will enable the other parties to assess the applicability of the privilege or protection.  Normally, this is accomplished by objecting and providing a privilege log for documents, communications, or things not produced." *Williams v. Sprint/United Mgmt. Co.*, Case No. 03-2200, 2006 WL 266599, at *4 (D. Kan. Feb. 1 2006).[3]

The party asserting the privilege bears the burden of establishing its existence and "must make a 'clear showing' that the asserted objection applies." *Id.* (citing *Ali v. Douglas Cable Comm., Ltd. P'ship*, 890 F. Supp. 993, 994 (D. Kan. 1995)).  Accordingly, the asserting party "must 'describe in detail' the documents or information sought to be protected and provide 'precise reasons' for the objection to discovery and . . . must provide sufficient information to enable the court to determine whether each element of the asserted objection is satisfied; a 'blanket claim' as to the applicability of the privilege does not satisfy the burden of proof."  *Id.*

Defendant AFA also asserts that the work product doctrine protects the documents sought by plaintiff Metzger in Request for Production Nos. 6 and 33.  In order to establish work product protection, a party must show that "(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party." *Williams*, 2006 WL 266599, at *10 (citing *Johnson v. Gmeinder*, 191 F.R.D. 638, 643 (D. Kan. 2000)).

Having reviewed the parties' submissions, the Court finds that Defendant AFA has satisfied its burden of showing that the documents are protected by the attorney client privilege.  Likewise,

---

[3]This unpublished opinion is cited for its persuasive value pursuant to Tenth Circuit Rule 36.3.

Defendant AFA has provided sufficient information to persuade the Court that the work product doctrine is applicable.  Specifically, upon examination of defendant AFA's privilege log, the documents in question consists of mental impressions, legal research and client meetings.  Remaining privilege log documents primarily reflect defendant AFA's senior counsel's communications regarding his attorney-client excepted work on an emergency rule of the Oklahoma Insurance Department.  As such, the Court finds that the documents are protected from disclosure.

For the reasons set forth in detail above, the Court DENIES plaintiff Metzger's motion to compel as to Request for Production Nos. 6 and 33 [docket no. 214].

**IT IS SO ORDERED this 23rd day of October 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE