## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

DELORES METZGER, individually                )
and on behalf of all other similarly          )
situated,                                     )
                                              )
                    Plaintiff,                )
                                              )
vs.                                           )          Case No. CIV-05-1387-M
                                              )
AMERICAN FIDELITY ASSURANCE                   )
COMPANY, a domestic corporation,              )
                                              )
                    Defendant.                )

## ORDER

Before the Court is plaintiff Delores Metzger's ("Metzger") Motion to Compel Financial

Information Relevant to Plaintiff's Punitive Damages Claims [docket no. 217], filed September 27,

2007.  On October 9, 2007, defendant American Fidelity Assurance Company ("AFA") filed its

response [docket no. 227].  Based upon the parties' submissions, the Court makes its determination.

This discovery dispute stems from plaintiff Metzger's breach of contract and breach of the

duty of good faith and fair dealing claims against defendant AFA.  The dispute centers upon plaintiff

Metzger's discovery request of information related thereto.[1,2]   The Court now makes its

---

[1]Interrogatory No.1 of Plaintiff Metzger's Fifth Set of Discovery Requests asks defendant AFA to identify the dollar amount of difference between the pre-negotiation amount of "actual charge" claims submitted by plaintiff Metzger and other "similarly-situated insureds", and the lesser, discounted or "post-negotiation" benefit actually paid by defendant AFA on all "actual charge" claims.  *See* Plaintiff's Motion to Compel Financial Information Relevant to Plaintiff's Punitive Damages Claims at 2.

[2]Request for Production No. 1 requests all "cancer" or "chemo" audit sheets prepared by defendant AFA.  *See* Plaintiff's Motion to Compel Financial Information Relevant to Plaintiff's Punitive Damages Claims at 2.

determination.

Plaintiff Metzger asserts the requested information of non-party insureds is discoverable because the Oklahoma punitive damages statute allows a jury to consider "[t]he profitability of the misconduct to the defendant". *See* Okla. Stat. tit. 23, § 9.1(A)(1). Plaintiff Metzger further asserts that puntive damages may be awarded based on "the increased financial benefit derived by...defendant [AFA]...as a direct result of the conduct causing the injury to...plaintiff [Metzger] and other persons or entities". Okla. Stat. tit. 23, § 9.1(C)(2). Accordingly, plaintiff Metzger seeks financial information of plaintiff and other persons in order to assist the jury with its punitive damage determination.

Defendant AFA argues that it is improper to predicate punitive damages on conduct in other states directed toward other people. It alleges the Supreme Court in *State Farm* ruled that evidence relating to punitive damages must be based on the harm to the party seeking those damages. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). Defendant AFA argues, as such, plaintiff Metzger's broad request for information related to payment of claims outside of Oklahoma is unfounded. Moreover, defendant AFA argues the Oklahoma punitive damages statute limits all punitive damage verdicts entered in this state for the same conduct to financial benefit derived in Oklahoma. *See* Okla. Stat. tit. 23, § 9.1(C)(2).

"Discovery rules are to be accorded a broad and liberal treatment." *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 139 (W.D. Okla. 1977) (citing *Schlagenhauf v. Holder*, 379 U.S. 104 (1964); *Hickman v. Taylor*, 329 U.S. 495 (1947)). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman*, 329 U.S. at 507. Federal Rule of Civil Procedure 26(b)(1) permits plaintiff Metzger to discover evidence relevant to her claims, including

2

information and documents inadmissible at trial but reasonably calculated to lead to admissible evidence.[3]

Supreme Court authority suggests that punitive damages be predicated upon harm to the party, rather than harm to non-parties. *See Phillip Morris USA v. Williams*, 127 S.Ct. 1057 (2007). Specifically, the Supreme Court has held "punitive damages award based in part on jury's desire to punish defendant for harming nonparties amounted to a taking of property from defendant without due process". *Id*. at 1058.      Furthermore, the Supreme Court has found the Due Process Clause prohibits use of punitive damage awards to punish defendants for injuries inflicted upon strangers to the litigation for three reasons: (1) defendants threatened with such punishment have no opportunity to defend against the charge, (2) permitting the disputed punitive damages awards would add a "standardless dimension to the punitive damages equation" and (3) no authority supports such punitive damage awards for harming others.  *Id.*

However, at present, the *Phillip Morris* Supreme Court decision may not sweep so broadly as to disallow punitive damage awards based on nonparties.  "The Supreme Court strongly suggested that state legislatures should be given a chance to amend their punitive damages statutes before states consider the constitutionality of state punitive damages statutes." *Palmer v. Asarco Inc.*, Case No. 03-CV-0498-CVE-PJC, 2007 WL 666592, at 2 (N.D. Okla. Feb. 27, 2007).

Having reviewed the parties' submissions, the Court finds that defendant AFA has met its burden of showing the requested information on out-of-state non-parties is outside the scope of

---

[3]"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any...documents...  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

discovery.  Pursuant to section 9.1, the Oklahoma punitive damage statute (until addressed in light of recent Supreme Court authority) allows punitive damage awards based on the same conduct against in-state non-parties, but not out-of-state parties.  Accordingly, the Court finds information on out-of-state non-parties not discoverable.

For reasons set forth in detail above, the Court DENIES plaintiff Metzger's motion to compel as to Interrogatory No. 1 and Request for Production No. 1 to the extent that it relates to out-of-state claims and GRANTED as relates to in-state claims [docket no. 217].

**IT IS SO ORDERED this 23rd day of October 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE