IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELORES METZGER, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN FIDELITY ASSURANCE COMPANY, a domestic corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. CIV-05-1387-M

## **ORDER**

Before the Court is plaintiff Delores Metzger's ("Metzger") Motion to Compel Defendant, American Fidelity Assurance Company's, PPO and HMO Agreements [docket no. 218], filed September 27, 2007. On October 9, 2007, defendant American Fidelity Assurance Company ("AFA") filed its response [docket no. 228]. Based upon the parties' submissions, the Court makes its determination.

This discovery dispute stems from plaintiff Metzger's breach of contract and breach of the duty of good faith and fair dealing claims against defendant AFA. The dispute centers upon plaintiff Metzger's discovery request of information related thereto.[1] The Court now makes its

---

[1] Request No.3 of Plaintiff Metzger's Fourth Set of Written Discovery asks defendant AFA to "produce each and any Document relating to each Agreement within the preceding twenty-five years, between You and any Healthcare Provider, Preferred Provider Organization [PPO], Health Maintenance Organization [HMO] or other Person engaged in the business of providing, facilitating or administering managed health care that obligates any Person to fix, cap, discount, forgive, disavow or otherwise reduce the amount of monetary remuneration they would otherwise accept as payment for a Healthcare Service. *See* Plaintiff's Motion to Compel Defendant, American Fidelity Assurance Company's, PPO and HMO Agreements at 3.

1

determination.

"Discovery rules are to be accorded a broad and liberal treatment." *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 139 (W.D. Okla. 1977) (citing *Schlagenhauf v. Holder*, 379 U.S. 104 (1964); *Hickman v. Taylor*, 329 U.S. 495 (1947)). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman*, 329 U.S. at 507. Federal Rule of Civil Procedure 26(b)(1) permits plaintiff Metzger to discover evidence relevant to her claims, including information and documents inadmissible at trial but reasonably calculated to lead to admissible evidence.[2] "Despite the liberal breadth of discovery allowed under the federal rules the proponent of a motion to compel discovery still bears the initial burden of proving that the information sought is relevant." *West v. Miller*, Case No. 05C4977, 2006 WL 2349988, at 2 (N. D. Ill. Aug. 11, 2006). "[F]ailure to make even a colorable initial showing as to relevance can doom a motion to compel." *Id.*

Plaintiff Metzger asserts the discovery request is relevant on the basis of defendant AFA's then-medical director's deposition testimony. Plaintiff Metzger contends the director testified that the existence of PPO's and HMO's in the 1970's and earlier led defendant AFA to change its claims handling practice in 1994. As plaintiff Metzger argues, the pre-1994 HMO/PPO information influenced the "actual charges" which are the subject of the instant action.

Having reviewed the parties' submissions, the Court finds plaintiff Metzger has not met her burden of establishing relevancy of the post-1994 information sought. While the pre-1994

---

[2]"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any...documents... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

information may be relevant to show how defendant AFA's knowledge influenced the switch to actual charges in 1994, the post-1994 information does not make "determination of the action more probable or less probable than it would be without the evidence". Fed. R. Evid. 401. Accordingly, the Court finds plaintiff Metzger's motion to compel should be denied as to post-1994 information. The Court, however, finds the relevant pre-1994 request dating back twenty five years is overly-broad in which to enforce discovery on this basis.

Additionally, although the Court finds the pre-1994 information is relevant, the Court finds plaintiff Metzger's request seeking documents within the preceding twenty-five years is overly broad. Accordingly, the Court finds plaintiff Metzger's motion to compel should also be denied as to the pre-1994 information. In fashioning a new time period, the Court determines that two years of pre-1994 information is sufficiently tailored for plaintiff Metzger to have access to the relevant information.

For the reasons set forth in detail above, the Court GRANTS plaintiff Metzger's motion to compel as to Request for Production No. 3 as related to years 1992 thru 1994, and DENIES the motion to compel as to the remaining years [docket no. 218].

**IT IS SO ORDERED this 23rd day of October 2007.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE