**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DELORES METZGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-1387-M |
| ) | |
| AMERICAN FIDELITY ASSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is defendant American Fidelity Assurance Company's ("AFA") Motion in Limine [docket no. 251], filed November 14, 2007. On November 27, 2007, plaintiff Delores Metzger filed her objections. Based on the parties submissions, the Court makes its determination.

I.    Introduction

A motion in limine is a procedural device intended to isolate prejudice from the jury. 20 AM. JUR. *Trials* 441. The motion in limine provides the "court with the opportunity to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial". *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). "Though such rulings can work a savings in time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is inadmissible on all potential grounds." *Townsend v. Benya*, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003); *Wilkins*, 487 F. Supp. 2d at 1218. Some courts suggest broad rulings on relevance and unfair prejudice are disfavored, and the preferred practice is to rule on evidentiary matters at trial in a developed factual context. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d

708, 712 (6th Cir. 1975).

Additionally, district court judges, in the exercise of their sound discretion, are free to alter a previous motion in limine ruling based on developments at trial. *Luce v. United States*, 469 U.S. 38, 41-42 (1984). "Further, district courts are not required to make definitive pretrial rulings on motions in limine seeking to exclude...evidence...[and] may change its ruling at any time for whatever reason it deems appropriate." *United States v. Martinez*, 76 F.3d 1145, 1151-1152 (10th Cir. 1996).

Accordingly, the Court's ruling on the instant motions in limine is preliminary and might change based upon evidence presented at trial.

II.   AFA's Motion in Limine

   A.   Evidence Regarding Claims Other Than for Blood, Plasma and Platelet Benefits Within the State of Oklahoma

AFA seeks to exclude all evidence regarding AFA policyholders and claimants outside the state of Oklahoma. AFA asserts that evidence regarding out of state non-parties is outside the appropriate scope and is irrelevant to plaintiff's bad faith and punitive damage claims. According to AFA, trial evidence should be limited to holders of the C-8 limited benefit policy within the state of Oklahoma.

In a bad faith insurance case, evidence of a defendant's treatment of other insureds is relevant and admissible pursuant to Federal Rule of Evidence 406 (habit) to prove the insurer engaged in a pervasive, consistent and habitual pattern to underpay claims in bad faith. *Vinings v. Enterprise Financial Group, Inc.*, 148 F.3d 1206, 1219 (10th Cir. 1998). The Court, having reviewed the parties' submissions, finds that evidence regarding limited benefit policies is within the state of Oklahoma is relevant and is therefore, admissible. The bad faith claim regards the AFA's claim

payment practices under the limited benefit policy type rather than more comprehensive benefit policy types. Although plaintiff argues policy types other than those with limited benefits are relevant to construe defendant's construction of actual charges, the Court finds this scope of evidence over-broad and therefore, impermissible. Because evidentiary submissions of comprehensive benefit policy types represent a breadth the Court is unwilling to permit, the Court grants in part and denies in part defendant's motion in limine regarding other policies as follows: limited benefit policy types on in-state insureds is permissible.

      B.      <u>AFA's Method of Payment of Actual Charge Claims in Alabama</u>

AFA seeks to preclude any mention of its method of paying actual charge claims in the state of Alabama. In support of its position, AFA argues that its claims payment practices in Alabama are irrelevant and that a foreign state cannot punish a defendant for conduct that was lawful where it occurred. Furthermore, AFA states that any punitive damage award must relate to conduct within the state of Oklahoma.

Having carefully reviewed the parties' submissions, the Court finds that evidence regarding AFA's claims payment practices in Alabama is relevant in relation to plaintiff's breach of contract and breach of good faith and fair dealing claim. In particular, the Court finds the Alabama claims are relevant to the issue of what is a reasonable interpretation of actual charges. However, the Court would note that it will give a proper limiting instruction regarding this evidence as it relates to plaintiff's punitive damage claim, if applicable. Accordingly, the Court denies defendant's motion in limine regarding AFA's claims payment practices in Alabama.

      C.      <u>Claim of Evidence Concerning Disgorgement Under Oklahoma's Punitive Damages Statute</u>

AFA asserts that any evidentiary claim concerning disgorgement under Oklahoma's punitive damages statute is legally impermissible. Because this issue would not arise until the second stage of trial regarding the amount of punitive damages, and because it is possible that there may not even be a second stage, the Court reserves its ruling with respect to this issue until the conclusion of the first stage of trial, if it becomes necessary.

D.     Evidence from the Oklahoma Insurance Department

AFA further requests certain evidence originating from the Oklahoma Insurance Department be excluded from consideration. Specifically, AFA seeks to exclude all internal memos, previous opinions and correspondence from said source, except for two pieces of evidence: the 1997 Orval Jones opinion and the 2001 Carroll Fisher letter. The Court, summarily denies the instant motion. Specifically, the Court finds plaintiff has shown the relevance and admissibility of further Oklahoma Insurance Department evidence pertaining to her claims of breach of contract and bad faith. The Court, however, cautions that the permissible scope of evidence regarding the Oklahoma Insurance Department will be determined on a witness by witness and exhibit by exhibit basis when a more appropriate factual context is developed.

E.     Dictionary and Glossary Definitions

AFA requests that dictionary and glossary definitions which purport to define "actual charges" be excluded from trial. In support of its position, AFA argues that plaintiff's claim was adjudicated under Oklahoma law in 2005, and, therefore, the scope of relevance and admissibility of evidence must be limited to 2005. According to AFA, plaintiff has no proof that AFA considered any of the proposed definitions in 2005 when it made a decision on plaintiff's claim. Furthermore, AFA contends this evidence is unfairly prejudicial, confuses issues, would mislead the jury and

4

would result in undue delay and waste time.

Having reviewed the parties' submissions, the Court finds the dictionary and glossary evidence is relevant, and specifically is relevant to the issue of what is a reasonable interpretation of "actual charges". However, counsel is advised that should dictionary and glossary evidence be introduced at trial, the Court will not permit the needless presentation of cumulative evidence. Accordingly, the Court denies the motion in limine regarding dictionary and glossary definitions of "actual charges".

      F.      <u>Evidence Concerning AFA's Litigation Conduct</u>

AFA also moves the Court to preclude all evidence concerning its litigation conduct in this case. In its motion, however, AFA does not specify what specific conduct it seeks to exclude. Accordingly, the Court defers ruling on this motion in limine until the pre-trial conference where the Court will hear further argument on this issue; at the pre-trial conference AFA will be required to set forth in detail the specific litigation conduct at issue.

      G.      <u>Testimony of Caroll Fisher or any Evidence Relating to Fisher's Legal Problems</u>

AFA seeks to exclude testimony of Caroll Fisher and evidence related to his legal problems. AFA asserts this evidence is irrelevant because the instant case centers around "actual charges", rather than Mr. Fisher's legal problems. Having reviewed the parties' submissions, the Court finds that evidence regarding Mr. Fisher would be relevant and admissible if AFA introduces the 2001 Fisher letter into evidence in support of its position. If the 2001 Fisher letter is introduced, the Court will determine the permissible evidentiary scope on the above-referenced evidence on a witness by witness and exhibit by exhibit basis.

      H.      <u>Evidence Concerning AFA's Petitioning the Oklahoma Insurance Department and the Oklahoma Legislature</u>

AFA further requests that evidence of its lobbying conduct with respect to the Oklahoma legislature, and specifically AFA's lobbying efforts in relation to the passage of the Actual Charge Statute, Okla. Stat. tit., 36, § 3651, be excluded from trial. Having carefully reviewed the parties' submissions, the Court finds AFA's "right to petition [the Oklahoma legislature] is not an absolute protection from liability". *Cardtoons v. Major League Baseball Players Association*, 208 F.3d 885, 891 (10th Cir. 2000). However, the Court finds that evidence regarding AFA's lobbying conduct with respect to the Oklahoma legislature is prejudicial to the issues in this case. Accordingly, the Court grants the motion in limine regarding AFA's lobbying conduct. However, if AFA introduces the Actual Charge Statute into evidence, the Court finds that this will serve to open the door and plaintiff will be allowed to bring in evidence of AFA's lobbying efforts.

I.   Testimony Offering Legal Conclusions

AFA moves the Court to exclude testimony offering legal conclusions. In its motion, however, AFA does not set forth what specific testimony it is seeking to exclude. Accordingly, the Court defers ruling on this motion in limine until the pre-trial conference where the Court will hear further argument on this issue; at the pre-trial conference AFA will be required to set forth in detail the specific litigation conduct at issue.

J.   The Cancer Advisory Committee Minutes and Related Documents

AFA also requests its Cancer Advisory Committee Minutes and related documents be excluded from trial. The Cancer Advisory Committee Minutes were created in 1994, and shortly thereafter AFA implemented a change in its claims payment process to begin paying "actual charges" differently. AFA contends the evidence is irrelevant because it predates plaintiff's 2005 claim adjudication in this matter by thirteen years.

Having reviewed the parties' submissions, the Court denies the motion in limine and finds the evidence relevant to the matter in controversy. While this evidence is a number of years old, the Court finds that these committee minutes and related documents tend to make matters in dispute in this case more or less probable and, thus, are relevant.

K. <u>Evidence or Argument Concerning Defendant's Net Worth or Recovery of Punitive Damages</u>

Finally, AFA requests the Court to exclude evidence or argument concerning AFA's net worth until the Court determines such evidence is proper. The Court finds that specific evidence of AFA's net worth should be reserved for the second stage of trial regarding the amount of punitive damages, if there is a second stage. Accordingly, the Court grants the motion in limine regarding AFA's net worth to the extent that plaintiff may not include argument or introduce evidence of AFA net worth during the first stage of the trial.

III. <u>Conclusion</u>

Accordingly, as set forth in detail above, the Court GRANTS IN PART, DENIES IN PART and DEFERS ruling on AFA's Motion in Limine.

**IT IS SO ORDERED this 7th day of December, 2007.**

*[Signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE