IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELORES METZGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-1387-M |
| ) | |
| AMERICAN FIDELITY ASSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Carroll Fisher ("Fisher") with a Motion to Quash Subpoena [docket no. 331], filed January 24, 2008. On January 25, 2008, plaintiff Delores Metzger ("Metzger") filed her response to Fisher's Motion to Quash, and defendant American Fidelity Assurance Company ("AFA") filed its response. Based on Fisher's and the parties submissions, the Court makes its determination.

On January 9, 2008, at the request of Metzger's counsel, a Writ of Habeas Corpus ad testificandum was issued, commanding the attendance of Fisher at the trial of this matter. Fisher through his counsel moves the Court to quash and set aside the subpoena. In his motion, Fisher states his intention to invoke Fifth Amendment privilege if called to testify as a witness in the instant case. Fisher's assertion of the Fifth Amendment privilege, he contends, is due in part to four separate criminal cases now pending against him. Fisher argues that exposure of the pending cases, and testimony in the instant case will establish a link in the chain of evidence. Fisher further asserts these matters require the broad application of the privilege against self incrimination.

In plaintiff's response, she objects to Fisher's unsupported assertion precluding him from testifying. Plaintiff states that Fisher set forth various authorities in support of his proposition that

he may invoke the Fifth Amendment privilege against self-incrimination. However, plaintiff contends that Fisher submitted no authorities which would preclude the Court from requiring him to testify in the instant matter. Defendant argues that an adverse inference from a non-party's invocation of the Fifth Amendment privilege can only be drawn when independent evidence exists of a fact which the non-party refuses to answer. Defendant further states that no such independent evidence exists. Defendant contends that permitting Fisher to testify in these circumstances would result in undue prejudice towards defendant. Defendant further asserts that Fisher's blanket invocation of privilege poses a substantial danger that counsel's questions will be perceived by the jury as evidence.

In pertinent part, the Fifth Amendment provides that "[n]o person...shall be compelled in any criminal case to be a witness against himself". U.S. CONST. amend V. It is clear that a person may not be compelled to *give* testimony that incriminates him. *Fisher v. United States*, 425 U.S. 391, 409 (1976). "The trial judge maintains discretion under Fed.R.Evid. 403 to control the way in which non-party claims of privilege reach the jury." *LiButti v. United States*, 107 F.3d 110, 122 (2nd Cir. 1997) (internal citation omitted). Upon review of the submissions and the applicable law, the Court finds that Fisher may not be compelled to *give* testimony pursuant to the Fifth Amendment privilege. However, the Court finds this privilege is separate and distinct from requiring Fisher to appear so as to invoke the privilege. Specifically, the Court finds that Fisher is within his constitutional right to invoke his Fifth Amendment privilege against self-incrimination, however, procedurally the Court requires that he appear in order to do so.

Accordingly, the Court DENIES the instant motion.[1]

**IT IS SO ORDERED this 28th day of January, 2008.**

*[signature: Vicki Miles-LaGrange]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[1] The Court has ordered an *in camera* proceeding in which to preliminarily examine Fisher in light of defendant's argument concerning adverse inference and undue prejudice. Therefore, the Court need not review these arguments at this time.